UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO MARCUS HUDSON,

    Petitioner,                              Civil No. 99-CV-73834-DT
                                                  HONORABLE ARTHUR J. TARNOW
v.                                                  UNITED STATES DISTRICT JUDGE

ROBERT KAPTURE,

    Respondent,
_____/

## OPINION AND ORDER REQUIRING A SUPPLEMENTAL ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS AND THE RULE 5 MATERIALS

    This matter is on remand from the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court. Antonio Marcus Hudson, ("petitioner"), presently confined at the Cotton Correctional Facility in Jackson, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254 with this Court on June 3, 1999. Petitioner also filed a motion to stay the proceedings. This Court denied the motion to stay the proceedings and dismissed the petition without prejudice. *See Hudson v. Martin,* 68 F. Supp. 2d 798 (E.D. Mich. 1999).

    On June 6, 2001, this Court granted petitioner's motion to reinstate the original habeas petition and also permitted petitioner to file an amended habeas petition which could relate back to the original filing date of June 3, 1999. On March 29, 2002, this Court granted respondent's motion to dismiss and dismissed

1

*Hudson v. Kapture,* 99-73834-DT

the petition pursuant to the one year limitations period found in 28 U.S.C. § 2244 (d)(1).

The Sixth Circuit subsequently reversed this Court's opinion and order of summary dismissal, finding that the instant petition was timely filed in light of the Sixth Circuit's decision in *Abela v. Martin*, 348 F. 3d 164 (6th Cir.2003). *See Hudson v. Kapture,* 107 Fed. Appx. 466, 467-69 (6th Cir. 2004). The Sixth Circuit remanded the matter to this Court for a decision on the merits. *Id.* On October 3, 2005, the United States Supreme Court denied the petition for writ of certiorari. *Hudson v . Kapture,* 126 S. Ct. 76 (2005).

For the reasons stated below, the Court orders respondent to file an answer which addresses the merits of the habeas petition by **January 6, 2005.** Respondent is also ordered to submit any Rule 5 materials which have not yet been filed with the Court by that date as well.

An appropriate response to a habeas petition is an answer which responds to each allegation contained in a habeas petition. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to a habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. The Court will therefore order respondent to file an answer which addresses the merits of petitioner's claims.

*Hudson v. Kapture,* 99-73834-DT

The Court also orders respondent to provide any Rule 5 materials which have not already been provided to the Court at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

## ORDER

**IT IS HEREBY ORDERED** that respondent shall file an answer to the petition for writ of habeas corpus and any Rule 5 materials which have not yet been provided to the Court no later than **January 6, 2005.**

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: October 31, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary