UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO MARCUS HUDSON,

    Petitioner,                          Civil No. 99-CV-73834-DT
                                         HONORABLE ARTHUR J. TARNOW
v.                                      UNITED STATES DISTRICT JUDGE

ROBERT KAPTURE,

    Respondent,
_____/

**OPINION AND ORDER REQUIRING PETITIONER TO CLARIFY THE ISSUES BEING RAISED IN THE HABEAS PETITION AND GRANTING RESPONDENT AN EXTENSION OF TIME TO FILE A SUPPLEMENTAL ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS**

      This matter is on remand from the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court.  On October 31, 2005, the Court signed an order requiring respondent to file a supplemental answer and the Rule 5 materials no later than January 6, 2006.  Respondent has now filed a motion to enlarge response time and to clarify issues.  For the reasons stated below, the motion is **GRANTED.**

      A habeas petitioner has the burden to present his or her issues clearly. *See United States ex. Rel. Rickard v. Sternes,* 149 F. Supp. 2d 437, 448 (N.D. Ill. 2001).  Where there is confusion about the claims being raised by a *pro se* habeas petitioner, a district court should order the habeas petitioner to articulate the specific claims that he or she wishes to raise in his or her petition. *See*

1

*Hudson v. Kapture,* 99-73834-DT

*Franklin v. Rose,* 765 F. 2d 82, 85 (6th Cir. 1985). In light of the large number of pleadings that petitioner has filed in this case, it may not be clear to the respondent the issues for which petitioner is seeking habeas relief. An appropriate response to a habeas petition is an answer which responds to each allegation contained in a habeas petition. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). An order of clarification of the issues is therefore necessary so that respondent can answer the claims being raised by petitioner.

Accordingly, petitioner is ordered to submit a statement with this Court and the respondent within thirty days of the Court's order which clarifies the specific issues for which petitioner seeks habeas relief.

The Court will also grant respondent a forty five day extension of time from the date that she receives petitioner's statement clarifying the issues to file a supplemental answer in this case. A federal court has discretion in extending the time for a state to file a response to a habeas corpus petition. *See Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). Rule 4 of the Rules Governing Section 2254 cases gives a federal court discretion to take into account various factors such as the respondent's workload and availability of transcripts before determining the time when an answer must be made. *See Kramer v. Jenkins*, 108 F.R.D. 429, 432 (N.D. Ill. 1985). This Court finds that forty five days is a reasonable time in which to request a response in this case,

*Hudson v. Kapture,* 99-73834-DT

taking into account the complexity of the petition, the ability of the respondent to acquire the relevant documentary evidence, and the current caseload of the Attorney General's Office. *See Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996).

**IT IS HEREBY ORDERED** that Respondent's Motion for Clarification of Issues is **GRANTED.** Petitioner shall have **thirty (30) days** from the date of this order to provide a statement to the Court and to the respondent which clarifies the issues that he wishes to raise in his habeas petition.

**IT IS FURTHER ORDERED** that Respondent's Motion for Enlargement of Time is **GRANTED.** Respondent shall have **forty five (45) days** from the date that she receives petitioner's statement of clarification to file a supplemental answer to the petition for writ of habeas corpus, as well as any Rule 5 materials which have not already been provided to this Court.

**S/ ARTHUR J. TARNOW**
**HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT COURT

DATED: January 24, 2006