**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTONIO MARCUS HUDSON,

    Petitioner,                                        Civil No. 99-CV-73834-DT
                                                             HONORABLE ARTHUR J. TARNOW
v.                                                          UNITED STATES DISTRICT JUDGE

ROBERT KAPTURE,

    Respondent,
_____/

**OPINION AND ORDER REINSTATING THE COURT'S ORIGINAL OPINION AND
ORDER OF SUMMARY DISMISSAL DATED MARCH 29, 2002.**

This matter is on remand from the Sixth Circuit and the United States Supreme Court, following this Court's opinion and order from March 29, 2002, which summarily dismissed the petition for writ of habeas corpus on the ground that it had not been filed in compliance with the one year statute of limitations found in 28 U.S.C. § 2244(d)(1). On February 15, 2008, this Court issued an order to show cause why this Court's original opinion and order of summary dismissal should not be reinstated in light of the United States Supreme Court's subsequent decision by the United States Supreme Court in *Lawrence v. Florida,* 127 S. Ct. 1079 (2007), which indicated that this Court's calculation of the limitations period in this case was correct. After being given an extension of time to file a reply, petitioner filed his reply to the order to show cause on April 18, 2008. For the reasons stated below, the Court orders that the opinion and order of summary dismissal dated March 29, 2002 is reinstated and the petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. .§ 2244(d)(1).

1

## I. Background

Petitioner filed his petition for a writ of habeas corpus with this Court on June 3, 1999. Petitioner also filed a motion to stay the proceedings. This Court denied the motion to stay the proceedings and dismissed the petition without prejudice. *See Hudson v. Martin,* 68 F. Supp. 2d 798 (E.D. Mich. 1999); *aff'd* 8 Fed. Appx. 352 (6th Cir. 2001).

On June 6, 2001, this Court granted petitioner's motion to reinstate the original habeas petition and also permitted petitioner to file an amended habeas petition which could relate back to the original filing date of June 3, 1999.

On March 29, 2002, this Court granted respondent's motion to dismiss and dismissed the petition pursuant to the one year limitations period found in 28 U.S.C. § 2244 (d)(1). *See Hudson v. Kapture,* U.S.D.C. No. 99-CV-73834-DT (E.D. Mich. March 29, 2002).[1] In so doing, the Court rejected a number of grounds offered by petitioner that would support tolling of the limitations period. In particular, this Court rejected at length petitioner's claim that the limitations period should be tolled based on his actual innocence, finding that petitioner had failed to offer sufficient evidence to establish that he was actually innocent of the crimes that he had been convicted of. *Id.,* Slip. Op. at * 7-11.

After petitioner filed a motion for reconsideration, this Court on October 9, 2002 ordered an evidentiary hearing on petitioner's claim of equitable tolling based on his transfer to a Virginia Prison and appointed the Federal Defender Office to represent

---

[1] This Court's Dkt. Entry # 105.

petitioner. An evidentiary hearing was conducted on January 9, 2003. On February 3, 2003, this Court issued an order denying petitioner's motion for rehearing, but granted a certificate of appealability as to the issue of whether an actual innocence exception exists that would toll the limitations period. *See Hudson v. Kapture,* U.S.D.C. No. 99-CV-73834-DT (E.D. Mich. February 3, 2003). [2]

The Sixth Circuit subsequently reversed this Court's opinion and order of summary dismissal, finding that the petition was timely filed in light of the Sixth Circuit's decision in *Abela v. Martin*, 348 F. 3d 164 (6th Cir.2003). *See Hudson v. Kapture,* 107 Fed. Appx. 466, 467-69 (6th Cir. 2004). The Sixth Circuit specifically found that this Court erred in failing to toll the statute of limitations for the ninety day time period that petitioner could have sought certiorari from the denial of his post-conviction appeal by the Michigan Supreme Court. *Id.* Because the Sixth Circuit reversed the opinion and order of summary dismissal on this basis, they declined to determine whether there was an actual innocence exception to the AEDPA's limitations period. *Id.* On October 3, 2005, the United States Supreme Court denied the petition for writ of certiorari. *Hudson v . Kapture,* 126 S. Ct. 76 (2005).

On October 31, 2005, the Court signed an order requiring respondent to file a supplemental answer and the Rule 5 materials no later than January 6, 2006. On January 24, 2006, the Court granted respondent's motion to have petitioner clarify the issues and further gave respondent an extension of time to file an answer to the petition. On November 21, 2006, respondent filed an answer addressing the merits of

---

[2] This Court's Dkt. Entry # 124.

the claims, after petitioner clarified the issues being raised in his petition. After being given an extension of time, petitioner filed an initial reply to the answer on March 6, 2007 and then a corrected reply on May 16, 2007.

On February 15, 2008, this Court issued the order to show cause why the opinion and order of summary dismissal should not be reinstated. On April 18, 2008, petitioner replied to the order to show cause.

## II. Discussion

On February 20, 2007, the United States Supreme Court issued its decision in *Lawrence v. Florida,* 127 S. Ct. 1079, 1083-85 (2007), in which the Supreme Court held that the one-year statute of limitations period is not tolled pursuant to § 2244(d)(2) during the pendency of a petition for certiorari to the United States Supreme Court which seeks review of the denial of state post-conviction relief. Stated differently, the United States Supreme Court invalidated the Sixth Circuit's decision in *Abela* and concluded that this Court's original calculation that the statute of limitations began running again when the Michigan Supreme Court denied petitioner's post-conviction appeal on July 28, 1998, rather than ninety days later, when the time for seeking certiorari review expired, was correct. Because the United States Supreme Court has now held that petitioner would not have been entitled to tolling of the limitations period for the ninety day period following the denial of his post-conviction appeal by the Michigan Supreme Court, this Court's original calculation of the limitations period was correct and the instant petition is untimely.

*Hudson v. Kapture, 99-73834*

There is some case law which suggests that an intervening Supreme Court decision which invalidates an erroneous Court of Appeals legal interpretation in a habeas case can in some circumstances be a valid basis for granting Rule 60(b) relief from an earlier decision by a district court to grant habeas relief. *See e.g. Ritter v. Smith*, 811 F. 2d 1398, 1401 (11th Cir. 1987). However, before acting on its own initiative to dismiss a state prisoner's habeas petition as untimely, a federal district court must accord the parties fair notice and an opportunity to present their positions regarding the timeliness issue. *See Day v. McDonough,* 547 U.S. 198, 210 (2006). Petitioner has been given an opportunity to respond to the Court's order to show cause.

Petitioner offers several arguments in his reply to the order to show cause to oppose the reinstatement of opinion and order of summary dismissal. Petitioner first argues that *Lawrence* did not overrule the Sixth Circuit's decision in *Abela,* contending that *Lawrence* only stands for the proposition that the limitations period is not tolled pursuant to § 2244(d)(2) while a habeas petitioner's petition for writ of certiorari from the denial of a state post-conviction application remains pending in the United States Supreme Court. Petitioner argues that the holding in *Lawrence* does not stand for the proposition that a habeas petitioner is not entitled to have the limitations period tolled for the 90 day period that a habeas petitioner could have sought certiorari with the United States Supreme Court, but did not.

The Court cannot accept petitioner's argument. The Sixth Circuit itself has concluded that the holding in *Lawrence* overruled its previous decision in *Abela* and does stand for the fact that the statute of limitations begins running again once the state

5

supreme court denies a habeas petitioner's application for post-conviction review. *See Allen v. Bell,* 250 Fed. Appx. 713, 715 and n. 1 (6th Cir. 2007); *cert. den.* ---- S. Ct.----; 2008 WL 118008 (U.S. March 17, 2008)("The Supreme Court's recent decision in *Lawrence v. Florida* held that the ninety-day period for seeking certiorari to the Supreme Court following state post-conviction review is included in the one-year limitations period, overruling this court's decision in *Abela v. Martin* [citations omitted]"). Other courts have also held that the Supreme Court's holding in *Lawrence* means that a habeas petitioner is not entitled for tolling of the limitations period for the ninety day period that he could have sought certiorari following the denial of state post-conviction review. *See e.g. Provencio v. Henry,* 233 Fed. Appx. 743 (9th Cir. 2007).

The Court will also reject petitioner's related argument that it would be unfair to apply the holding in *Lawrence* retroactively to his case. At the time that this Court dismissed the petition for writ of habeas corpus as untimely on March 29, 2002, existing Sixth Circuit caselaw held that the one year limitations period was not tolled pursuant to 28 U.S.C. § 2244(d)(2) for the time that a habeas petitioner could have sought certiorari review of the denial of his state post-conviction appeal. *See Isham v. Randle,* 226 F. 3d 691 (6th Cir. 2000); *cert. den.* 531 U.S. 1201 (2001). In other words, this Court's calculation of the limitations period was based on the existing Sixth Circuit caselaw at the time. Indeed, the Sixth Circuit panel which reversed this Court's decision, implicitly acknowledged that this Court's calculation of the limitations period was correctly determined under Sixth Circuit caselaw as it existed at the time, noting that: "[A]t the time the district court ruled, however, it did not have the benefit of this court's decision in

*Abela.*" *Hudson,* 107 Fed. Appx. at 468. However, the Supreme Court's holding in *Lawrence* has not only validated this Court's original calculation of the limitations period in this case, but also validated the Sixth Circuit's holding in *Isham* that petitioner would not be entitled to tolling for the time that he could seek certiorari review from his state post-conviction appeals.

Moreover, the Sixth Circuit has since applied the decision in *Lawrence* to habeas cases that were pending when that case was decided. *Allen,* 250 Fed. Appx. at 714-15.

Petitioner next claims that dismissing his habeas petition pursuant to the limitations period would violate his right to "one unobstructed habeas review," in violation of the Suspension Clause of the United States Constitution. *See* U.S. Const. Art. I, § 9 cl. 2. Petitioner essentially argues that it would be erroneous to dismiss his habeas petition as time-barred without reviewing the merits of his underlying claims.

Petitioner has raised the following twelve claims in his petition for writ of habeas corpus: (1) the trial court judge's comments during *voir dire* were unduly prejudicial; (2) petitioner was deprived of an impartial jury, because the trial judge was personally acquainted with two of the jurors; (3) admission of prior bad acts evidence against petitioner; (4) admission of irrelevant and highly prejudicial evidence against petitioner; (5) there was insufficient evidence to convict petitioner of kidnapping; (6) ineffective assistance of trial counsel; (7) petitioner must be re-sentenced where several of the offense variables in the sentencing guidelines were erroneously scored; (8) conviction obtained through evidence obtained pursuant to an unconstitutional search and seizure; (9) conviction obtained through evidence obtained pursuant to an unlawful arrest; (10)

conviction obtained by violations of privilege against self-incrimination; (11) conviction obtained by the failure of the prosecution to disclose evidence that was favorable to the defendant; and (12) conviction obtained through use of coerced confession and/or perjury.

The Court has reviewed the petition, the answer, the corrected reply to the petition and the other pleadings filed by petitioner and has determined that petitioner's claims are either without merit, non-cognizable, or procedurally defaulted. Thus, petitioner's argument that it would be erroneous to dismiss his habeas petition as time-barred without reviewing the merits of his underlying claims is moot.

Petitioner next contends that the AEDPA should not apply to him because he is not under sentence of death. The Court rejects this argument. Although the habeas reform law is titled "the Antiterrorism and Effective Death Penalty Act", it clearly applies to noncapital as well as capital cases. The AEDPA applies to all habeas cases filed after its effective date. *Herbert v. Billy*, 160 F. 3d 1131, 1134 (6th Cir. 1998); *citing to Lindh v. Murphy*, 521 U.S. 320 (1997). In *Lindh*, the United States Supreme Court ruled that the provisions of the AEDPA could not be applied retroactively to pending noncapital habeas cases, because the amendments to the AEDPA were meant to apply only to noncapital cases filed after enactment of the statute.

It is true that the AEDPA is entitled the "Antiterrorism and Effective Death Penalty Act. However, the title of a statute alone is not controlling. *See INS v. St. Cyr,* 533 U.S. 289, 308 (2001). Where the statutory text is clear, " 'the title of a statute ... cannot limit the plain meaning of the text.'"*Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 212 (1998)(*quoting Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 528-29

(1947)). "[T]he one year statute of limitations under the AEDPA applies to all state convictions that became final after the statute's April 24, 1996 effective date." *See Hutzenlaub v. Portuondo,* 232 F. Supp. 2d 40, 42 (E.D.N.Y. 2002). Although, two of the purposes of the AEDPA, as the title of the statute suggests, may have been fighting domestic and international terrorism and limiting appeals from death row inmates, as one district court has noted: "[T]he sweep of the so-called habeas 'reform' net is much broader, however, catching more than convicted terrorists and petitioners on death row." *See Gonzalez v. United States,* 135 F. Supp. 2d 112, 115 (D. Mass. 2001). Therefore, although petitioner is neither a terrorist nor sentenced to death, the provisions of the AEDPA, including the statute of limitations, clearly apply to him. *Id.*

Petitioner also argues, for the first time in his various pleadings before either this Court or the Sixth Circuit, that his conviction did not become final on May 23, 1996, because the Michigan Court of Appeals did not issue its mandate to the Genesee County Circuit Court until July 15, 1997. The Court cannot accept this argument. A state conviction becomes final, for purposes of the AEDPA, when the time for direct review has expired, regardless of when the state court issues its mandate. *See Ries v. Quarterman,* --- F.3d ----, 2008 WL 803021, * 2, n. 1 (5th Cir. March 27, 2008); *Hemmerle v. Schriro*, 495 F. 3d 1069, 1073-74 (9th Cir. 2007); *Chavers v. Secretary, Florida Dept. of Corrections*, 468 F.3d 1273, 1275-76 (11th Cir. 2006).

Petitioner next claims again that he is actually innocent of the crimes for which he was convicted. The Sixth Circuit has now held that the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the

9

standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005).

Although the Sixth Circuit only recognized an actual innocence exception to the limitations period subsequent to this Court's opinion and order of summary dismissal, at the time of the original dismissal, this Court had already concluded that an actual innocence exception exists that would toll the one year limitations period contained in § 2244(d)(1). *Hudson,* Slip. Op. from March 29, 2002, at * 7 (citing *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1190 (E.D. Mich. 2001)). The Court addressed petitioner's actual innocence claims at great length and for the reasons stated in the original opinion and order of summary dismissal, concluded that petitioner failed to establish that he was actually innocent of these crimes so as to justify the tolling of the limitations period. *Id.* at * 7-11.

As this Court indicated in the original opinion and order of summary dismissal, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *See also Holloway,* 166 F. Supp. 2d at 1191.

Petitioner next contends that the limitations period should be equitably tolled because of his transfer to the prison in Virginia. This issue was already fully addressed by the Court at the evidentiary hearing and in its subsequent opinion denying petitioner's motion for rehearing. The Court declines to toll the limitations period on this basis for the reasons stated in its opinion and order denying the motion for rehearing.

In conclusion, the Sixth Circuit reversed this Court's opinion and order of summary dismissal, based on that court's holding in *Abela v. Martin,* by ruling that this Court erred in failing to toll the limitations period for the ninety day period that petitioner could have sought certiorari review following the denial of his post-conviction appeal by the Michigan Supreme Court. However, the United States Supreme Court in *Lawrence v. Florida* has now held that the one-year statute of limitations period is not tolled pursuant to § 2244(d)(2) for the time that a habeas petitioner could seek certiorari review of the denial of a state post-conviction appeal in the United States Supreme Court. The Sixth Circuit, as mentioned above, acknowledges that their decision in *Abela* was overruled by the holding in *Lawrence. See Allen v. Bell,* 250 Fed. Appx. at 715, n. 1.

The United States Supreme Court has now concluded that this Court's original calculation that the statute of limitations began running again when the Michigan Supreme Court denied petitioner's post-conviction appeal on July 28, 1998, rather than ninety days later, was correct. The decision in *Lawrence* invalidates the Sixth Circuit's erroneous legal interpretation of the tolling provisions of § 2244(d)(2). Therefore, a valid basis exists for this Court to grant Rule 60(b) relief and to reinstate the original opinion and order of summary dismissal from March 29, 2002. *See Ritter*, 811 F. 2d at 1401. Accordingly, the Court will reinstate the opinion and order of summary dismissal dated March 29, 2002.

## III. ORDER

**IT IS HEREBY ORDERED** that this Court's original opinion and order of summary dismissal dated March 29, 2002 [Dkt. # 105] is reinstated and the petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. § 2244(d)(1)

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: April 30, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 30, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary