**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTONIO MARCUS HUDSON,

Petitioner,

Civil No. 99-CV-73834-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

v.

ROBERT KAPTURE,

Respondent,
______________________________/

**OPINION AND ORDER GRANTING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

This matter was remanded from the Sixth Circuit and the United States Supreme Court, following this Court's opinion and order from March 29, 2002, which summarily dismissed the petition for writ of habeas corpus on the ground that it had not been filed in compliance with the one year statute of limitations found in 28 U.S.C. § 2244(d)(1). On February 15, 2008, this Court issued an order to show cause why this Court's original opinion and order of summary dismissal should not be reinstated in light of the United States Supreme Court's subsequent decision by the United States Supreme Court in *Lawrence v. Florida,* 127 S. Ct. 1079 (2007), which indicated that this Court's calculation of the limitations period in this case was correct.

After being given an extension of time to file a reply, petitioner filed his reply to the order to show cause on April 18, 2008. On April 30, 2008, this Court reinstated the Court's opinion and order of summary dismissal from March 29, 2002 and dismissed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

Petitioner has now filed a request for a certificate of appealability and a motion to proceed *in forma pauperis* on appeal. For the reasons stated below, the Court will GRANT petitioner's request for a certificate of appealability and his motion for leave to appeal *in forma pauperis.*

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A). In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

On March 29, 2002, this Court granted respondent's motion to dismiss and dismissed the petition pursuant to the one year limitations period found in 28 U.S.C. § 2244 (d)(1).*See Hudson v. Kapture,* U.S.D.C. No. 99-CV-73834-DT (E.D. Mich. March

29, 2002). In so doing, the Court rejected a number of grounds offered by petitioner that would support tolling of the limitations period. In particular, this Court rejected at length petitioner's claim that the limitations period should be tolled based on his actual innocence, finding that petitioner had failed to offer sufficient evidence to establish that he was actually innocent of the crimes that he had been convicted of. *Id.,* Slip. Op. at * 7-11.

After petitioner filed a motion for reconsideration, this Court on October 9, 2002 ordered an evidentiary hearing on petitioner's claim of equitable tolling based on his transfer to a Virginia Prison. An evidentiary hearing was conducted on January 9, 2003. On February 3, 2003, this Court issued an order denying petitioner's motion for rehearing, but granted a certificate of appealability as to the issue of whether an actual innocence exception exists that would toll the limitations period. *See Hudson v. Kapture,* U.S.D.C. No. 99-CV-73834-DT (E.D. Mich. February 3, 2003).

The Sixth Circuit subsequently reversed this Court's opinion and order of summary dismissal, finding that the petition was timely filed in light of the Sixth Circuit's decision in *Abela v. Martin*, 348 F. 3d 164 (6th Cir.2003). *See Hudson v. Kapture,* 107 Fed. Appx. 466, 467-69 (6th Cir. 2004); *cert. den.* 126 S. Ct. 76 (2005). The Sixth Circuit specifically found that this Court erred in failing to toll the statute of limitations for the ninety day time period that petitioner could have sought certiorari from the denial of his post-conviction appeal by the Michigan Supreme Court. *Id.* Because the Sixth Circuit reversed the opinion and order of summary dismissal on this basis, they declined to

determine whether there was an actual innocence exception to the AEDPA's limitations period. *Id.*

On February 20, 2007, the United States Supreme Court issued its decision in *Lawrence v. Florida,* 127 S. Ct. 1079, 1083-85 (2007), in which the Supreme Court held that the one-year statute of limitations period is not tolled pursuant to § 2244(d)(2) during the pendency of a petition for certiorari to the United States Supreme Court which seeks review of the denial of state post-conviction relief. Because the United States Supreme Court has now held that petitioner would not have been entitled to tolling of the limitations period for the ninety day period following the denial of his post-conviction appeal by the Michigan Supreme Court, this Court concluded that its original calculation of the limitations period was correct and the instant petition should be dismissed as untimely.

This Court believes that its original decision to dismiss the petition pursuant to 28 U.S.C. § 2244(d)(1) on March 29, 2002 was correct. The Court further believes that its decision to reinstate the opinion and order of summary dismissal was correct, in light of the Supreme Court's decision in *Lawrence.* Nonetheless, the Court will grant a certificate of appealability to petitioner. First, petitioner has stated a valid claim of the denial of a constitutional right in his habeas petition. Secondly, one of the arguments advanced by petitioner in both his response to the respondent's original motion to dismiss the petition, as well as in his reply to this Court's order to show cause why the order of dismissal should not be reinstated, was his claim that he was actually innocent of the offenses that he was convicted of. Although this Court believes that it was correct

to determine that petitioner failed to present sufficient evidence to establish that he was actually innocent of the charges that he was convicted of, so as to toll the limitations period, the Sixth Circuit declined to address petitioner's actual innocence argument when it decided petitioner's original appeal. This Court therefore concludes that petitioner should be entitled to appeal the issue of whether he would be entitled to equitable tolling of the limitations period on the basis of his actual innocence claim.

Moreover, although there is some case law which suggests that an intervening Supreme Court decision which invalidates an erroneous Court of Appeals legal interpretation in a habeas case can in some circumstances be a valid basis for granting Rule 60(b) relief from an earlier decision by a district court to grant habeas relief, *See e.g. Ritter v. Smith*, 811 F. 2d 1398, 1401 (11th Cir. 1987), jurists of reason might find it debatable whether this Court was correct in reinstating its original opinion and order of summary dismissal based upon the Supreme Court's intervening decision in *Lawrence.* Accordingly, petitioner is granted a certificate of appealability on this issue as well.

The Court will also grant petitioner leave to appeal *in forma pauperis* (IFP). A court may grant IFP status if the Court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Because this Court is granting a certificate of appealability, this Court does not find that petitioner's appeal was not undertaken in good faith and will grant his request for leave to appeal *in forma pauperis*.

Based upon the foregoing, IT IS ORDERED that a certificate of appealability is **GRANTED** for the reasons stated above**.**

**IT IS FURTHER ORDERED** that the motion for leave to appeal *in forma pauperis* is **GRANTED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: May 16, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 16, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary